IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-00087-04-CR-W-NKL |
| ) | |
| AHMAD MUSTAFA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Defendant Ahmad Mustafa's ("Mustafa") Motion to Amend Conditions of Release [Doc. # 155]. Mustafa is charged with conspiring with other members of the Islamic American Relief Agency (IARA) to circumvent the international Emergency Economic Powers Act and the Iraqi Sanctions Regulations by transferring money between 1996 and 2003. Mustafa is also charged with conspiracy to commit money laundering.

Mustafa first appeared in Court on March 7, 2007. He was released on a $50,000 unsecured bond, with the condition that he be subject to a GPS monitoring system that requires him to wear an ankle bracelet and to carry a mobile transmission unit. Mustafa objected to his bond conditions in a motion filed March 27, 2007 [Doc. # 22]. He argued that his bond conditions were unfair because other co-defendants were not required to submit to GPS monitoring. The Government stated that it would not be opposed to the removal of GPS monitoring if Mustafa's bond were secured. On April 18, 2007, the Magistrate Judge

1

modified Mustafa's conditions of release to add a condition that would remove the GPS monitoring requirement when Mustafa executed an agreement to forfeit $25,000, secured by his home and nine acres of land, upon his failure to appear as required [Doc. # 38]. Mustafa states that he has objected to this condition and has requested that he be allowed instead to execute a larger unsecured bond or a $25,000 bond signed by his family but not secured by his home. However, that request was denied by the Magistrate Judge.

Under 18 U.S.C. § 3142(c)(1)(B), the Court must employ the "least restrictive . . . condition, or combination of conditions . . . [that will] reasonably assure the appearance" of the Defendant. Mustafa argues that his bond conditions are not the least restrictive combination of conditions reasonably required to assure his appearance. He argues that his conditions of release are more restrictive than other co-defendants in the case, and that the alternative option of a $25,000 bond secured by his house is unreasonably restrictive in that it would result in the forfeiture of his family's home. He argues that there is no evidence that he is a flight risk.

Defendant Mustafa's argument that his bond conditions are not the least restrictive means for assuring his appearance because other of his defendants have less restrictive conditions is unpersuasive. Other defendants' bond conditions are based upon those defendants' individual characteristics, so comparing one defendant's conditions to another's is not helpful unless those defendants are similarly situated in all relevant respects.[1]  The fact

---

[1] Mustafa complains about the bond conditions of four of his co-defendants in this case - Defendants Bagegni, Hamed, El-Siddiq, and Siljander. Hamed's and El-Siddiq's bond

2

that other defendants have less restrictive conditions is no indication that Mustafa's conditions are not the least restrictive conditions available to reasonably assure his appearance.

Furthermore, Mustafa has control over the removal of the GPS monitoring device. He needs only to execute a $25,000 secured bond. While he argues that the alternative $25,000 secured bond condition is unreasonably restrictive because this condition would somehow be used to "involuntarily seize his home and evict his family," there is no basis in fact or law for his belief that by being a little late to a hearing, his family would be evicted. Def.'s Mot. ¶ 8. While the Court does not doubt that Mustafa's fears are genuine, they are not based on reason, law or fact. The bond will only be executed if he fails to appear as ordered by the Court, and only then if forfeiture is reasonable. The Court will ensure that this process will not be manipulated in any way by either party.[2]

Defendant Mustafa's current bond conditions are the least restrictive conditions that would reasonably assure his appearance; the Court will not order them modified.

---

conditions include a $50,000 unsecured bond and the same GPS monitoring requirement as Mustafa. Siljander is not subject to GPS monitoring, but his circumstances are clearly distinguishable from Mustafa's. Finally, Bagegni's conditions include a $500,000 unsecured bond with no GPS monitoring. Even assuming Bagegni were similarly situated to Mustafa, the fact that Mustafa considers Bagegni's conditions less restrictive or preferable to his own is really no indication that Mustafa's conditions are not the least restrictive combination of conditions to assure Mustafa's appearance at trial. In addition, Mustafa simply has not provided enough information to adequately determine whether Bagegni's conditions are appropriate. It may be that his conditions are too lenient.

[2]Further, Mustafa's failure to appear would give rise to an obligation to pay $25,000, it would not require immediate forfeiture of his home or his land so long as he or his family paid the $25,000.

Case 4:07-cr-00087-NKL    Document 189    Filed 04/22/09    Page 3 of 4

Accordingly, it is hereby ORDERED that Mustafa's Motion to Amend Conditions of Release [Doc. # 155] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 22, 2009
Jefferson City, Missouri